Follbtt, J. (dissenting)
October 2, 1886, the plaintiff owned No. 56 Gertrude street; Edward H. Eyan owned Nos. 98 and 100 Taylor street; and William P. Kelly owned No. 85 Warren street, in the city of Syracuse. The defendant, a real estate broker, had said three properties in his hands for sale or exchange. On this day the plaintiff conveyed to Edward H. Eyan, No. 56 Gertrude street; and said Ryan conveyed to plaintiff Nos. 98 and 100 Taylor street. Thereupon the plaintiff and defendant entered into a contract, under seal, reciting that said exchange had been made upon condition that said defendant would, within two months from that date (October 2, 1886), deliver to the plaintiff a. deed of said No. 85 Warren street; and in consideration thereof, the plaintiff was to convey Nos. 98 and 100 Taylor street to the defendant; and in case said defendant failed to deliver to the plaintiff a deed of No. 85 Warren street within two months, he should pay plaintiff $1,200, for Nos. 98 and 100 Taylor street, which the plaintiff should convey to him. The contract contained the following provision: “And in case the said Burton (defendant) fails to perform, the said Hogan (plaintiff) shall be entitled to recover the: sum of $500, as liquidated damages.”
December 2, 1886, the plaintiff offered to convey to defendant Nos. 98 and 100 Taylor street, but defendant failed to procure No. 95 Warren street to be conveyed to the plaintiff, and failed to pay plaintiff $1,200 for Nos. 98 and 100 Taylor street, as stipulated in the contract. At this date, December 2, 1886, the defendant did not absolutely refuse to carry out his contract, but asked for further time-in which to perform. December 15, 1886, plaintiff wrote defendant asking a performance of the contract, and on the 16th, defendant replied making excuses for his non-performance, but not intimating that plaintiff had failed in any respect to perform on his part. Within three days, Hogan again wrote plaintiff demanding a performance of the contract. This letter is without date, but it is assumed to have-been written on December 17, 1886. The defendant still failing to perform, this action was begun December 18, 1886, to recover $500, the sum agreed upon as liquidated damages. Upon the trial, the court directed a verdict for the amount claimed.
The learned trial judge held that the defendant was required to render performance on his part, that he was to be-the actor. This was a correct interpretation of the contract; but assuming that the correctness of this interpreta-’ tion is questionable; the plaintiff according to the defendant’s. *67 answer and testimony made December 2, 1886, a sufficient tender of performance on his part.
The judgment should be affirmed, with costs.